IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **WILLIAM D. BROWN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **06-36-MJR-CJP** |
| | ) | |
| **ALAN UCHTMAN, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

Before the Court is defendants Sergeant Roger Henry and Lieutenant Timothy Veath's motion for summary judgment and brief in support thereof. **(Docs. 25 and 26).** At this juncture, Henry and Veath are the only remaining defendants. **(*See* Doc. 6).** This report and recommendation is respectfully submitted to United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

Plaintiff William D. Brown is an inmate in the custody of the Illinois Department of Corrections, housed at all relevant times at Menard Correctional Center. Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that Sgt. Henry and Lt. Veath failed to protect plaintiff from harm at the hands of his cellmate, in violation of the Eighth Amendment. More specifically, it is alleged that when plaintiff was moved to a nonsmoking cell in May 2004 and celled with a nonsmoker, Jimmy Mendoza, plaintiff asked the defendant correctional officers to move him to a smoking cell, but he was not moved. On September 29, 2004, as plaintiff slept, inmate Mendoza pour boiling water on him, causing second and third degree burns on plaintiff's head, arms and back. **(Doc. 1; see also Doc. 6).**

1

Defendants Henry and Veath seek summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing:

1. Plaintiff has failed to prove his Eighth Amendment claim;

2. Defendants are entitled to qualified immunity; and

3. The Eleventh Amendment precludes monetary damages from the defendants in their official capacities.

The defendants support their motion with their affidavits, plaintiff's deposition testimony and other documentary evidence. **(Docs. 26 – 26-5).** Plaintiff filed a response in opposition to the subject motion, supported by his own affidavit. **(Doc. 30).**

## Legal Standard for Summary Judgment

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c);** *see Celotex Corp. v. Catrett***, 477 U.S. 317, (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. ***See  Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. ***Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).**

In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings, more substantial evidence must be presented

at this stage. "The object of [Rule 56(e) ] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990). Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties" (*Anderson*, 477 U.S. at 247), or by "some metaphysical doubt as to the material facts, (*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986))."

## Analysis

### The Eighth Amendment Claim

In *Farmer v. Brennan,* 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Luttrell v. Nickel,* 129 F.3d 933, 935 (7th Cir. 1997). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834.

In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.; Reed v. McBride,* 178 F.3d 849, 852 (7th Cir. 1999). A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a specific threat to his safety. *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996). In other words, defendants had to know that there was a substantial risk that those who attacked plaintiff would do so, yet failed to take any action. *Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001).

3

Defendants Henry and Veath do not dispute that plaintiff was celled in a nonsmoking cell between May 28, 2004 and September 30, 2004. **(Doc. 26-2, p. 4).** There is also no dispute that inmate Mendoza threw boiling water on plaintiff as alleged. Henry and Veath also do not dispute that plaintiff asked them to move him to a smoking cell. **(Docs. 26-4, p. 2; and Doc. 26-5, p. 2).** Defendants contend plaintiff was a declared nonsmoker as of June 30, 2004, as recorded in prison records **(Doc. 26-2, pp. 7-8)**, and plaintiff never told them he feared for his safety **(Docs. 26-4, p. 2; and Doc. 26-5, p. 2)**, therefore, there was nothing from which to draw the inference that there was a substantial risk to plaintiff's safety. Defendant Heath, a correctional sergeant, has no authority to make housing assignments; he would have to refer such a request to a lieutenant. **(Doc. 26-4, p. 1).** As a correctional lieutenant, defendant Veath could not make housing assignments, but he could remove an inmate from a cell if the inmate was in danger. **(Doc. 26-5, p. 2).** Defendants note that according to plaintiff's own deposition testimony, even on the night of the attack as he climbed into his bunk to sleep, he never feared for his safety because his arguments with Mendoza had never escalated beyond mere words. **(Doc. 26-3, p. 5).** Furthermore, according to plaintiff, Henry and Vetha never witnessed him arguing with Mendoza. **(Doc. 26-3, pp. 6-7).** In addition, the defendants assert that they both informed plaintiff of the process for securing a transfer, which would include requesting to rescind his official status as a nonsmoker. **(Docs. 26-4, p. 2; and Doc. 26-5, p. 2).**

Plaintiff counters that he has been a smoker the entire time he has been in custody– since 1989, and he never executed a change of smoking status. **(Doc. 26-3, pp. 8 and 11; and Doc. 30, p. 5).** Moreover, plaintiff contends he worked with the defendants and they were aware that he was a smoker and had even witnessed him smoking. **(Doc. 26-3, p. 3; and Doc. 30, p. 5).**

4

According to plaintiff, he repeatedly asked defendants Henry and Veath to move him to a smoking cell, and in July or August he and Mendoza even asked the defendants simultaneously. **(Doc. 26-3, pp. 3 and 5; and Doc. 30, p. 6).** By plaintiff's account, Veath told him to be patient, the placement Office would move him– which never happened before the September 29, 2004, assault. **(Doc. 26-3, p. 3).** Plaintiff asserts he was unaware of the proper procedures for securing a cell change; moreover, he questions why he would have to rescind a nonsmoking designation he never asserted in the first place. **(Doc. 26-3, pp. 9-11).**

There remains a question of fact regarding whether plaintiff was a smoker or nonsmoker during the relevant time period.. Plaintiff asserts he has always been a smoker and never requested the June 2004 change in designation reflected in prison records. The defendants rely upon a computer printout indicating plaintiff's status change to nonsmoker in June 2004, not the original request. Even if plaintiff did change his status in June 2004, questions arise from the fact that the change request was after plaintiff was placed in the nonsmoking cell, which, according to the defendants, is a rare commodity. **(Doc. 26-4, p. 1; and Doc. 26-5, p. 5).** Despite this seemingly central question of fact, if it is assumed that plaintiff was always a nonsmoker and he never requested a change in his designation as a smoker, there is nothing from which the defendants could have drawn the inference that plaintiff was in danger.

Plaintiff indicates he told Veath and/or Henry that he and Mendoza had been "arguing;" he wanted to be moved before things "escalated;" he expressed concern for "mounting tensions;" he wanted to be moved "before anything happened;" and he wanted to "avoid an incident." **(Doc. 26-3, pp. 3 and 5; and Doc. 30, p. 6).** Those phrases do not clearly communicate that plaintiff feared for his safety. However, according to plaintiff's own deposition testimony, even

on the night of the attack as he climbed into his bunk to sleep, he never feared for his safety because his arguments with Mendoza had never escalated beyond mere words.  **(Doc. 26-3, p. 5).**  If plaintiff did not appreciate he was in danger hours before the attack, his earlier statements to the defendants certainly cannot be found to convey to the defendants that plaintiff feared for his safety and was asking for their protection.  In addition, it is undisputed that Henry and Vetha never witnessed him arguing with Mendoza, so there is simply nothing from which the defendants could have inferred a substantial, impending threat to plaintiff's safety.  **(Doc. 26-3, pp. 6-7).**  Therefore, the defendants are entitled to summary judgment.

### Qualified Immunity

Qualified immunity shields government officials from liability if they are performing discretionary functions in the course of duty to the extent that their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Eversole v. Steele,* **59 F.3d 710, 717 (7th Cir. 1995).**

Having recommended the defendants be granted summary judgment on the merits of the Eighth Amendment claim, the defendants' argument regarding qualified immunity is moot.  However, if the District Court does not adopt that recommendation, questions of fact would remain that would preclude a final decision regarding entitlement to qualified immunity.

### Damages

A suit brought against a state officer in his or her official capacity is actually a suit against the state for which that officer works.  *Kentucky v. Graham,* **473 U.S. 159, 166 (1985).**  In a Section 1983 action against a state officer, "a federal court's remedial power, consistent with the Eleventh Amendment is necessarily limited to prospective injunctive relief, and may not

include a retroactive award which requires the payment of funds from the state treasury." ***Owen v. Lash,*** **682 F.2d 648, 654 (7th Cir. 1982).**

Having recommended the defendants be granted summary judgment on the merits of the Eighth Amendment claim, the defendants' argument regarding Eleventh Amendment immunity from damages is moot. However, if the District Court does not adopt that recommendation, the defendants should be granted summary judgment on this limited point. The complaint does not specify whether the defendants are sued in both their individual and official capacities. Plaintiff's response to the subject motion does indicate the defendants are sued in both capacities. **(Doc. 30, p. 2).** Therefore, the defendants are entitled to summary judgment insofar as they are sued in their official capacities for monetary damages.

## Recommendation

For the aforestated reasons, it is the recommendation of this Court that the defendants Henry and Veath's motion for summary judgment **(Doc. 25)** be granted. If the District Court adopts this recommendation, all claims against all defendants will have been resolved and final judgment would be appropriate.

**DATED: February 22, 2008**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

## Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **March 10, 2008**. No extensions of time will be granted.